LE ROY J. FEHRMAN, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Fehrman v. Commissioner
Docket Nos. 5688-83, 5689-83, 30396-83, 30397-83, 32091-83.
United States Tax Court
T.C. Memo 1984-196; 1984 Tax Ct. Memo LEXIS 480; 47 T.C.M. (CCH) 1555; T.C.M. (RIA) 84196; April 18, 1984. Joseph R. Peters, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies and additions to tax in these consolidated cases as follows: Taxpayers
Additions to Tax, I.R.C. 1954 [3]
Docket Nos.
Year
Deficiency [2]
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Le Roy J. Fehrman
1976
$8,088.57
$2,022.14
$522.83
$279,20
5688-83
1977
7,168.86
1,792.22
497.82
230.28
1978
3,887.71
971.93
356.34
98.37
1979
8,840.62
2,210.16
606.28
334.04
Jo Ann M. Fehrman
1976
4,212.60
1,053.25
226.35
153.95
5689-83
1977
2,702.05
675.51
135.10
96.13
1978
542.70
135.68
33.92
16.25
1979
3,617.17
904.29
184.55
149.78
Le Roy J. Fehrman
1980
6,227.00
1,557.00
425.00
361.00
30396-83
1981
4,115.00
1,029.00
[4] 324.00
271.00
Jo Ann M. Fehrman
1980
2,511.00
628.00
135.00
156.00
30397-83
1981
2,214.00
554.00
[4] 134.00
161.00
David L. Fehrman
1982
328.32
100.00
[4] 17.80
31.30
32091-83
*481 Petitioners were residents of Mukwonago, Wisconsin, at the time they filed their petitions herein. The substantially identical petitions allege various errors in tax protester terminology. Each of the petitions admits that petitioners did not file income tax returns for the years in issue. They deny that petitioners had income or were required to file tax returns. They claim that respondent did not follow proper procedures and that any income received by petitioners was in exchange for labor and was therefore not taxable. None of the petitions allege any facts showing that respondent's calculation of petitioners' taxable income was erroneous. In docket Nos. *482 5688-83 and 5689-83, in November 1983, respondent served requests for admissions on petitioners. Those requests set forth in detail the items of income upon which respondent's determination was based as to the respective petitioners. Answers to respondent's requests for admissions were filed in December 1983. The answers cite various amendments to the Constitution, claim that the answers were provided under duress, and assert that petitioners were "selling labor" during the years in issue for which they "received an even exchange * * * for the exhaustion of Capitol [sic]." In December 1983, petitioners in docket Nos. 5688-83 and 5689-83 served on respondent petitioners' first requests for admissions. Those identical documents requested that respondent admit as fact statements containing petitioners' claims as to lack of jurisdiction, the "voluntary" nature of the Federal income tax system, the "equal exchange" theory of labor, and other erroneous legal theories. Respondent duly served and filed responses to petitioners' requests for admissions. By notices setting case for trial served January 3, 1984, petitioners in docket Nos. 5688-83 and 5689-83 were advised that the *483 cases would be set for trial in Milwaukee, Wisconsin, on March 19, 1984. The said notices included the following paragraphs: The calendar for that Session will be called at 10:00 a.m. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. On February 2, 1984, respondent filed a Motion to Calendar and Consolidate with respect to docket Nos. 30396-83, 30397-83, and 32091-83.The moving papers stated that petitioners Le Roy Fehrman and Jo Ann Fehrman are husband and wife and the parents of petitioner David L. Fehrman. The moving *484 papers also noted that petitioners objected to the motion. The said motion was granted, and petitioners were notified that all five cases were consolidated for trial, briefing and opinion, and set for trial on March 19, 1984, in Milwaukee. None of the petitioners appeared at the calendar call at 10:00 a.m. on March 19, 1984. On that date, however, after the calendar call, a person purporting to be a representative of petitioners delivered to the Court a "Memorandum Brief in Support of Revoking Jurisdiction of Said Court," captioned in the five cases and signed by the three petitioners. The memorandum stated that petitioners would not be appearing in the Tax Court on March 19, 1984, and set forth various frivolous objections similar to those in their petitions and other pretrial filings.Upon inquiry from the Court, the person delivering the memorandum stated that he had personally spoken to each petitioner, and each petitioner indicated that he or she wished to have the memorandum delivered to the Court. The Court thereupon ruled that the memorandum would be treated as an indication of petitioners' willfulness in failing to appear and of their consent to dismissal of their cases *485 and entry of decisions against them. The Court stated that the petitions would be dismissed for petitioners' failure to appear or otherwise properly to prosecute their cases pursuant to Rules 123(b) and 149(a), Tax Court Rules of Practice and Procedure, which provide as follows: Rule 123(b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * Rule 149(a) Attendance at Trials: The unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties. Thereafter respondent moved for damages under section 6673. That section provides: SEC. 6673. DAMAGES ASSESSABLE *486 FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand form the Secretary and shall be collected as a part of the tax. Responden't motion was served on petitioners by mail. The arguments set forth by petitioners in their petitions and in their memorandum have repeatedly been held to be frivolous, groundless, and the basis for inferring that proceedings have been commenced solely for delay. In our recent case of Abrams v. Commissioner,82 T.C. 403 (1984), the same arguments were rejected, and damages in the amount of $5,000 were awarded to the United States. The applicable legal principles and precedents were thoroughly discussed in that opinion, and no further discussion seems necessary or justified *487 here. The same considerations compel the conclusion that damages must be awarded in this case. On this record and in our discretion, we conclude that damages shall be awarded to the United States under section 6673 as follows: Docket No.
5688-83
$2,500
5689-83
2,500
30396-83
1,500
30397-83
1,500
32091-83
750
Appropriate orders and decisions will be entered.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Jo Ann M. Fehrman, docket No. 5689-83; Le Roy J. Fehrman, docket No. 30396-83, Jo Ann M. Fehrman, docket No. 30397-83; and David L. Fehrman, docket No. 32091-83.↩
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
2. The deficiencies shown in the table are net amounts due after prepayment credit adjustments. ↩
4. Respondent further determined additions to tax under section 6653(a)(2) equal to 50 percent of the interest payable on the deficiencies, based upon attribution of the full amount of the deficiencies to negligence or intentional disregard of rules and regulations.↩